[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On October 17, 1995, the plaintiff, Shemitz Lighting, Inc., commenced this lawsuit against the defendant, Shawmut Bank Connecticut, N.A. ("Shawmut"), because of a dispute that arose out of alleged improper payments by the defendant of a series of allegedly forged checks.
The fourth count, alleging a violation of CUTPA, General Statutes § 42-110a et seq., is the dispositive count for purposes of the instant motion to strike. That is, the defendant has moved to strike count four arguing in its memorandum of law that it was not required to make sight examinations of the series of allegedly forged checks, but was properly allowed to use automated check-sorting as condoned by the UCC. (Defendant's Memorandum in Support, pp. 2-4.)
As the parties correctly noted, automated check-sorting is sanctioned by the Uniform Commercial Code. UCC § 3-103 (a)(7); UCC § 4-406, revised official comment 4; UCC § 4-103, official comment 1. Uniform Commercial Code § 4-103 (b) provides that "Federal Reserve regulations and operating circulars, clearing-house rules, and the like have the effect of agreements under subsection (a), whether or not specifically assented to by all parties interested in items handled." (Emphasis added.) Most importantly, UCC §4-103 (c) provides that "[a]ction or non-action approved by [Article 4 of the UCC] or pursuant to Federal Reserve regulations or operating circulars is the exercise of ordinary care and, in the absence of special instructions, action or non-action consistent with clearing-house rules and the like or with a general banking usage not disapproved in [Article 4], is prima facie the exercise of ordinary care." (Emphasis added.) A breach of this duty of ordinary care, however, would most likely constitute a claim of negligence. See Fidelity Casualty Co. v. Constitution NationalBank, 167 Conn. 478, 483, 356 A.2d 117 (1975).
In addition, "ordinary care" is defined in pertinent part as follows: "In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary CT Page 1357-Q unreasonably from general banking usage not disapproved by [Article 3] or Article 4." UCC § 3-103 (a)(7). The definition of "ordinary care" in UCC § 3-103(a)(7) is applicable to Article 4 through UCC § 4-104(c).
At this stage of the litigation the court cannot, and should not, determine if Shawmut has engaged in unfair or deceptive practices. See Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 522, 646 A.2d 1289 (1995) (setting forth the three-prong "cigarette rule," which is used as the test for an alleged CUTPA violation). The purpose of motion to strike is to contest the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted, and not to try the facts. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 214-15. Here, the plaintiff has sufficiently alleged facts which if proven may rise to the level of a CUTPA violation. "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Construction, Inc. v. Fusco Corp., supra, 231 Conn. 384. If the bank failed to conform to the check-sorting procedures incorporated by reference into the UCC, as noted above, this may offend public policy or implicate concepts of unfairness. (Complaint, Count Two, ¶ 17.) In addition, the plaintiff has alleged substantial injury. (Complaint, Count Four, ¶ 27. )
"All three criteria [for a CUTPA violation] do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.) Normand JosefEnterprises, Inc. v. Connecticut National Bank, supra, 230 Conn. 522.
For the reasons set forth above, the motion to strike is denied.
RIPLEY, J.